# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1291 | **DATE** | 2/23/2004 |
| **CASE TITLE** | Thomas Snyder vs. Rod Blagojevich, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Counsel is ordered to file a self-contained Amended Complaint in this Court's chambers on or before March 8, 2004 that addresses the numerous matters raised by this opinion. In the meantime Snyder's counsel should take whatever steps are necessary to inform all defendants that they need not plead to the original defective Complaint, thus avoiding a needless waste of resources.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | FEB 2 4 2004 | |
| | Notified counsel by telephone. | date docketed | 2 |
| | Docketing to mail notices. | JXM | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2/23/2004 | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | SN | |
| | | mailing deputy initials | |

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 2 4 2004

THOMAS SNYDER,                )
                              )
            Plaintiff,        )
                              )
    v.                        )   No.  04 C 1291
                              )
ROD R. BLAGOJEVICH, et al.,   )
                              )
            Defendants.       )

## MEMORANDUM OPINION AND ORDER

Thomas Snyder ("Snyder") has just filed a 10-count, 181-paragraph Complaint against a host of defendants, asserting some claims under several sections of Title 42[1]--Sections 1983, 1985 and 1986--as well as some state law claims that he seeks to piggyback under 28 U.S.C. §1367(a). Because the number of obviously problematic aspects of the Complaint nearly rivals the number of targeted defendants, this memorandum opinion and order is issued sua sponte to require Snyder's counsel to clean up his act before the action can go forward.

To begin with, although the State of Illinois and its Department of Corrections are identified as defendants in the case caption, nothing in the body of the Complaint suggests any predicate for a claim against them. Both because the State of Illinois and its agencies are not "persons" within the scope of Section 1983 (<u>Will v. Mich. Dep't of State Police</u>, 491 U.S. 58,

---

[1] All further references to Title 42's provisions will simply take the form "Section--."



71 (1989)) and because of the just-mentioned absence of any allegations that would support liability on their part, both are stricken as defendants.

By the same token, Governor Rod Blagojevich ("Blagojevich"), Illinois Department of Corrections ("DOC") Director Roger Walker, Jr. ("Walker") and Chief of Operations Ian Oliver ("Oliver") are indicated in the case caption as being sued in their official as well as individual capacities. To the extent that such official-capacity claims would duplicate claims against the governmental entity, they would be surplusage (Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)). And Snyder cannot of course take an end run around his already-discussed inability to sue the State of Illinois directly by advancing purported official-capacity claims against its representatives. Accordingly all such references to official-capacity claims are also stricken.

Next, the Complaint can be searched in vain for any clue as to what Snyder's position was with the DOC, as well as any clue as to the nature and scope of his responsibilities in that position, before his termination in 2003 (see Complaint ¶17). Although Snyder's claims seek to hinge on the asserted impropriety of that termination, all that his counsel tells us instead are things about what Snyder did not do (Complaint ¶¶32, 33, 35-37 and 40).

To be sure, the federal court regime is one of notice rather

than fact pleading. But the bulk and length of the Complaint scarcely comport with the "short and plain statement of the claim showing that the pleader is entitled to relief," as called for by Fed. R. Civ. P. 8(a), and Snyder should not really try to have it both ways by remaining silent as to such a critical aspect of his claims. Both the defendants and this Court are entitled to better information on that score, and the Amended Complaint later called for by this opinion must cure that omission.

To turn from those general deficiencies to matters that impact on individual counts of the Complaint, this opinion will address those in the order in which they are found in the pleading. Accordingly no inference should be drawn from the sequence in which the various deficiencies are addressed as to their relative importance. Neither should it be assumed that the matters dealt with here are exhaustive--instead defendants will of course be free to target any other aspects of the Complaint that they deem to be flawed.

First, Count III asserts that Snyder's termination violated his due process rights, a claim advanced under Section 1983, and in that respect Complaint ¶77 refers to a promise of continued employment by Governor Blagojevich. But because any property interest in government employment (a necessary component of a due process claim) must depend on the authority of the promisor to create such an interest (something that is essentially

3

acknowledged by Complaint ¶78--and see, e.g., such cases as
<u>Santella v. City of Chicago</u>, 936 F.2d 328, 331-33 (7th Cir.
1991)(affirming this Court's dismissal of a claim on such lack-
of-authority grounds), adhered to in <u>Zemke v. City of Chicago</u>,
100 F.3d 511, 513 (7th Cir. 1996)), Snyder's counsel cannot rely
on his wholly conclusory assertion in that respect. Instead
counsel must provide the citation to the Illinois statute (and
perhaps Illinois caselaw) that defines the hiring authority for
DOC employees. This Court will then be in a better position to
determine whether Count III states a viable claim.

No such doubt exists as to Count IV, which charges a
conspiracy in asserted violation of Section 1985. There Snyder
claims that his termination stemmed from his "political
affiliation with the Republican Party and the Republican
administration" (Complaint ¶¶28-31), which allegedly motivated
defendants Blagojevich, Walker and Oliver "to hire a political
ally of the Democratic administration" (Complaint ¶27). But it
has been clear for nearly two decades (see <u>Grimes v. Smith</u>, 776
F.2d 1359, 1363-67 (7th Cir. 1985), analyzing and relying on
<u>United Bhd. of Carpenters and Joiners of Am. v. Scott</u>, 463 U.S.
825, 836-37 (1983)) that the type of class-based animus that is
required to ground a Section 1985 conspiracy action does <u>not</u>
extend to such an asserted political conspiracy. Count IV is
accordingly stricken.

4

That also spells doom for Count V. There Snyder seeks to advance a Section 1986 negligence claim that is entirely derivative of Section 1985 liability. Count V is therefore stricken as well.

Counts VI (asserted under Section 1985) and VII (a derivative claim asserted under Section 1986) are somewhat more problematic. Those counts target not only Blagojevich and Walker but also Oliver (who is described as "acting as the President of the Greater Illinois Chapter of National Association of Blacks in Criminal Justice") and three other defendants who hold positions with that same organization. But once again Snyder has asserted no motive for his termination other than the political purpose referred to in the earlier discussion as to Count IV. It appears that something more is needed to determine whether Counts VI and VII are or are not subject to being stricken on the same grounds as Counts IV and V. This Court will await prompt further input from Snyder's counsel on that score.

As for Count VIII, which is a state-law-based breach of contract claim, that poses the same question, identified above as to Count III, regarding Blagojevich's authority or lack of authority to bind the DOC to Snyder's continued employment, so as to create a property interest in such employment. Hence the fate of Count VIII will also await Snyder's input called for earlier.

Count IX is another state law claim, this one charging two

5

of the non-official defendants with interference with Snyder's claimed contract. That claim would also seem to rise or fall in light of the considerations already identified as to Counts III and VIII. Accordingly the resolution of Count IX's fate must also await the same information.

Finally, Count X is another interference-with-contract claim against Oliver and the three other defendants referred to in Counts VI and VII. What has been said as to Count IX applies to this last count as well.

In summary, it is clear that Snyder's counsel must go back and try again. Counsel is ordered to file a self-contained Amended Complaint in this Court's chambers on or before March 8, 2004 that addresses the numerous matters raised by this opinion. In the meantime Snyder's counsel should take whatever steps are necessary to inform all defendants (or their counsel, if known to him) that they need not plead to the original defective Complaint, thus avoiding a needless waste of resources.

Milton I. Shadur
Senior United States District Judge

Date: February 23, 2004